# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**BRYANT BUGGS**                                                                                          **MOVANT**

**v.**                                                                                          **No. 3:02CR79-SA-RP**

**UNITED STATES OF AMERICA**                                                                **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Bryant Buggs to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The court has reviewed the motion and determined that a response from the government is not required. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's response, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

Bryant Buggs pled guilty on September 5, 2003, to violating 21 U.S.C. § 841A, distribution of powder cocaine. The court sentenced Mr. Buggs to 111 months' incarceration, 3 years of supervised release, and a special assessment of $100, and entered judgment on January 29, 2004. Mr. Buggs appealed that judgment, and on December 16, 2004, the Fifth Circuit Court of Appeals affirmed. He began his period of supervised release on February 18, 2010, but violated the terms of that release by: (1) violating the law (he was charged with Possession of a Controlled Substance with intent to sell, as 248 pounds of marijuana and $1,917 cash were found in his apartment); and (2) possessing a controlled substance (based upon the same facts). Mr. Buggs stipulated to the violations, and on August 23, 2011, the court entered an amended judgment of imprisonment for 21 months and 12 months supervised release. The judgment was silent regarding whether the federal sentence would run concurrent or consecutive to any future state sentences.

Mr. Buggs also ran afoul of state law by possessing such a large amount of marijuana. On September 27, 2011, about a month *after* his federal sentencing, Mr. Buggs pled guilty in the Circuit Court of DeSoto County, Mississippi to possession of more than 5 kilograms of marijuana, in violation of Miss. Code Ann. § 41-29-139, as a second offender under § 41-29-147. The state court sentenced him to 8½ years incarceration, with 5 years of supervised release and 45 years non-supervised post-release supervision. The DeSoto County Circuit Court held that the sentence would run concurrent to "any and all sentences previously imposed, in Fed Cause # 3:02CR00079-001," the instant federal case. The state court gave Mr. Buggs credit for the 504 days served in custody awaiting trial on the charge.

The Federal Bureau of Prisons ("BOP") did not acknowledge the state sentencing order's holding that the state sentence would run concurrent with the federal sentence. Instead, the Bureau began crediting Mr. Buggs for his federal sentence only after he was transferred into federal custody on August 22, 2015, after serving approximately 48 months in state custody.

On December 2, 2015, Mr. Buggs filed the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 setting forth the following claims:

(1) That the court should hold that his time incarcerated on his state sentence run concurrent with his federal sentence and give him credit for his state term of incarceration towards his federal sentence;

(2) Counsel was ineffective during sentencing because he did not argue that Mr. Buggs was entitled to have his federal sentence run concurrently with his state sentence; and

(3) Counsel was ineffective during the plea process because he did not inform Mr. Buggs that his sentence would run consecutive to his state sentence.

## The Instant Motion, If Construed as One Seeking Relief Under 28 U.S.C. § 2255, Is Untimely

Motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are subject to a one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on this the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, subsection (1) applies; the limitations period starts to run from "the date on which the judgment of conviction becomes final." The Fifth Circuit held that, as with the *habeas corpus* challenge to a state conviction under 28 U.S.C. § 2254, the limitations period to challenge to a federal conviction under 28 U.S.C. § 2255 "becomes final generally upon the expiration of direct review or the time for seeking direct review." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Thus:

> [f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.

*Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 1074, 155 L. Ed. 2d 88 (2003). Finally, when a criminal defendant chooses not to pursue a direct appeal of his conviction, that conviction "becomes final for purposes of § 2255 upon the expiration of the [14]-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

In this case, the court entered an amended judgment on August 23, 2011, and Mr. Buggs did not appeal. As such, Mr. Buggs' conviction became final 14 days later on September 6, 2011, and his deadline for seeking relief under 28 U.S.C. § 2255 expired a year later on September 6, 2012. Mr. Buggs did not file the instant § 2255 motion until November 20, 2015, over three years after the deadline to do so expired, and the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 will be dismissed as untimely filed.

**Equitable Tolling**

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted). The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924

(2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Mr. Buggs has alleged only that he was unaware that his federal sentence would run consecutive to his state sentence, an allegation which does not rise to the level of a "rare and exceptional" circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999), such that "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *See Minter, supra*. As such, Mr. Buggs' motion under 28 U.S.C. § 2255 must be dismissed as untimely filed.

### Construed as a Petition Under 28 U.S.C. § 2241: Failure to Exhaust Administrative Remedies

Guidance regarding imposition of a consecutive or concurrent sentence is found in 18 U.S.C. § 3584. Under this section, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A district court has the authority to order that a federal sentence be served consecutively or concurrently with a yet-to-be-imposed state sentence. *Setser v. United States*, 132 U.S. 1463, 1467 (2012). In addition, the United States Bureau of Prisons may decide whether an inmate serves his sentence consecutively or concurrently with state sentences:

> [18 U.S. § 3621(b)] gives the Bureau [of Prisons] the authority to order that a prisoner serve his sentence in any suitable prison facility "whether maintained by the Federal Government or otherwise." The Bureau may therefore order that a prisoner serve his federal sentence in a *state* prison. Thus, when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence – effectively making the two sentences concurrent – or decline to do so – effectively making them consecutive.

*Id.* at 1467-1468. As the Supreme Court noted, "[t]here will often be late-onset facts that materially alter a prisoner's position and that make it difficult, or even impossible, to implement his sentence." *Id*. at 1473. The Court then held:

> This is where the Bureau of Prisons comes in – which ultimately has to determine how long the District Court's sentence authorizes it to continue [a prisoner's] confinement. [A prisoner] is free to urge the Bureau to credit his time served in state [custody] based on the District Court's judgment that the federal sentence run concurrently with the state sentence for [new charges]. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. *See* 28 CFR § 542.10 *et seq*. (2011). And if that does not work, he may seek a writ of habeas corpus. *See* 28 U.S.C. § 2241.

*Id*. Thus, Mr. Buggs' challenge to the service of his federal sentence as consecutive or concurrent to his state sentence should be brought before the court as a petition for *habeas corpus* relief under 28 U.S.C. § 2241, which is subject to a requirement to exhaust administrative remedies.

Before proceeding with a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, a prisoner must first exhaust administrative remedies. *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017). The Fifth Circuit has recognized that exceptions to the exhaustion requirement are appropriate where the available remedies either are: unavailable, wholly inappropriate to the relief sought, or where an attempt to exhaust such remedies would be futile. *Id.* at 542–43. Mr. Buggs has not alleged that he has made use of the United States Bureau of Prisons Administrative Remedy Program regarding this issue. As such, if the court construes the instant petition as one seeking relief under 28 U.S.C. § 2241, the proper vehicle for challenging whether a federal sentence should be served consecutively or concurrently with another, then it must be dismissed for failure to exhaust administrative remedies.

## Conclusion

In sum, for the reasons set forth above, the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 will be dismissed as untimely filed.  Further, to the extent that the Movant seeks *habeas corpus* relief under 28 U.S.C. § 2241, his claims must be dismissed for failure to exhaust administrative remedies.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of October, 2018.

    /s/ Sharion Aycock
U. S. DISTRICT JUDGE